UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Michelle Patrice Vinson,

        Plaintiff,

    -v-                            **15-cv-06006**
                                              **DECISION AND ORDER**

Carolyn W. Colvin,
Commissioner of Social Security,

        Defendant.

## I. Introduction

Represented by counsel, Michelle Patrice Vinson("plaintiff") brought an action pursuant to Title II of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). On December 15, 2015, that decision was reversed and the case was remanded solely for the payment and calculation of benefits. On March 23, 2016, the Social Security Administration ("SSA") issued Notices of Award stating that plaintiff was entitled to monthly disability benefits beginning November 2010. Doc. 15-3. The amount of $18,256.00 was withheld for attorneys' fees constituting 25 percent of the past due amount due to the plaintiff. *Id*.

Plaintiff now moves for an award of attorney's fees in the amount of $18,256.00 pursuant to 42 U.S.C. §406(b) ("Section 406(b)"), asking that the Court approve the contingent fee arrangement between plaintiff and his attorney, whereby plaintiff

agreed to pay his attorney 25 percent of any past-due benefits

payable to him in exchange for the provision of legal services in

this proceeding. Doc. 15-3. Plaintiff's counsel previously applied

for and received $5,696.20 under the Equal Access to Justice Act

("EAJA"), an amount that he agrees to refund plaintiff upon the

receipt of $18,256.00. *See* § 2412 of the Equal Access to Justice

Act.

The Commissioner does not oppose plaintiff's motion. Doc. 17.

For the reasons discussed below, the plaintiff's counsel's motion

is granted.

## II. Discussion

Section 406(b) provides in relevant part that:

"[w]henever a court renders a judgment favorable to a
claimant under this title who was represented before the
court by an attorney, the court may determine and allow as
part of its judgment a reasonable fee for such
representation, not in excess of 25 percent of the total of
the past-due benefits to which the claimant is entitled by
such judgment . . ."

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose

this motion is not dispositive, as 'section 406 (b) requires an

affirmative judicial finding that the fee allowed is

"reasonable[.]"'" *Ewald v. Commissioner of Social Sec.*, 2008 WL

4104458, *1 n.1 (E.D.N.Y. Sept. 3, 2008) (quoting *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 807 n.17 (2002); *see also Gisbrecht*, 535

U.S. at 807 ("[Section] 406(b) calls for court review of such

[contingent-fee] arrangements as an independent check, to assure

that they yield reasonable results in particular cases.") (footnote omitted); *id.* at 808-09. To fall "[w]ithin the 25 percent boundary" established by Congress in § 406(b)(1)(A), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (footnote omitted).

Courts reviewing Section 406(b) motions should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingency cases. *See Gisbrecht*, 535 U.S. at 808. Other factors properly considered are any instances of misconduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or because minimal effort was expended; and the degree of difficulty of the case. *See Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

The Court begins its reasonableness analysis with the contingency agreement itself, which is unambiguous. The 25 percent fee for which it provides does not exceed the statutory cap; furthermore, 25 percent is a standard contingency fee for a Social Security case. *Ewald*, 2008 WL 4104458, at *2 (citing *Gisbrecht*, 585 U.S. at 803) (noting that "[c]haracteristically. . . , attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits") (internal

quotation marks and citations omitted). Neither party suggests that
the fee agreement was the product of fraud or overreaching. Counsel
provided effective representation to plaintiff by securing a
favorable reversal of the Commissioner's earlier denial and the
immediate award of benefits.

Counsel asserts that 25 percent of plaintiff's past-due
benefits totaled $18,256.00. While the fee applicant bears the
burden of establishing that the requested fees are reasonable,
plaintiff and the Commissioner agree that the following factors
support such an award: (1) the attorneys spent a total of
31.0 hours representing plaintiff;[1] (2) plaintiff's supervising
attorney is an experienced litigator in the field of Social
Security Disability law; (3) the attorney received a favorable
result for plaintiff in this action; (4) the Second Circuit has
upheld as non-"windfalls" a higher *de facto* hourly rate than that
found here, which totaled $588.90 per hour when calculated using
all 31.0 hours; (5) counsel will refund the smaller of the two fee
awards, here the EAJA $5,696.20 award, to plaintiff;[2] and (6) the
total fee requested does not exceed 25 percent of the past-due

---

[1] District courts in this Circuit have held that a routine social
security case requires from twenty to forty hours of attorney time. *See e.g.,
Cruz v. Apfel,* 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater,* 1997 WL
12806 at *1 (S.D.N.Y.1997). Further, this time may include the time spent on
EAJA fees applications. *See Trichilo v. Secretary of Health and Human
Services,* 823 F.2d 702, 708 (2d Cir.1987).

[2] *See, e.g., Wells v. Bowen,* 855 F.2d 37, 42 (2d Cir. 1988) ("dual fee
applications are not improper as long as the lesser of any two amounts awarded
goes to the attorney's client.").

benefits awarded to plaintiff. *Gaudino v. Colvin*, No. 10-CV-6656 CJS, 2013 WL 4647641, at \*1 (W.D.N.Y. Aug. 29, 2013).

Contemporaneous time records from plaintiff's counsel which "specify, for each attorney, the date, the hours expended, and the nature of the work done" must also be submitted. *Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir. 1994). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Here, counsel has submitted a dated itemization of hours(Doc. 15-2) that is sufficiently specific, legible, and coherently recorded for the Court to determine whether it was reasonable to spend the stated hours with the correlated tasks, and to determine whether the enumerated tasks were properly non-clerical in nature.[3]

For the reasons set forth above, plaintiff's application for attorneys' fees under 42 U.S.C. § 406(b)(1) in the amount of $18,256.00 is reasonable and is granted. Plaintiff's counsel shall pay the amount of the EAJA award, $5,696.20 to plaintiff. The Court directs the Commissioner to remit to plaintiff's counsel the requested $18,256.00 fee award.

---

[3] However, the Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *See Aston,* 808 F.2d at 11; *see also New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983).

**III. Conclusion**

Plaintiff's motion for attorneys' fees is granted and the Commissioner is directed forthwith to remit $18,256.00 to plaintiff's counsel. Upon receipt of the award, counsel is directed to refund the EAJA award of $5,696.20 to plaintiff.

IT IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     June 28, 2016
           Rochester, New York